IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

               Plaintiff,                             ORDER

    v.                                        05-CR-17-C-01

RITCHIE BUFFORD,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A hearing on the probation office's petition for judicial review of Ritchie Bufford's supervised release was held on October 1, 2008, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Rita M. Rumbelow. Defendant was present in person and by counsel, Michael W. Lieberman. Also present was United States Probation Officer Michael D. Harper.

      From the record and stipulation I make the following findings of fact.

FACTS

      Defendant was sentenced in the Western District of Wisconsin on April 5, 2005, following his conviction for receipt of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). This offense is a Class C felony. He was committed to the custody of the

Bureau of Prisons to serve a term of imprisonment of 37 months, with a 36-month term of supervised release to follow.

As special conditions of supervised release, defendant is required to abstain from alcohol and illegal drug use and from association with drug users and sellers and participate in a program of drug testing and treatment.

Defendant began his term of supervised release on April 4, 2008.  He violated the mandatory condition that prohibits him from committing another federal crime, as evidenced by his July 17, 2008, guilty plea to a charge of possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) & 851,

Defendant's conduct falls into the category of a Grade A violation. Section 7B1.3(1) of the advisory guidelines provides that the court shall revoke supervision upon the finding of a Grade A violation.

CONCLUSIONS

Defendant's violation requires revocation, pursuant to 18 U.S.C. § 3583(g)(1). Accordingly, the three-year term of supervised release imposed on defendant on April 5, 2005, will be revoked.

Defendant's criminal history category is III.  With a Grade A violation and a criminal history category of III,  defendant has an advisory guideline term of imprisonment of 18-24

2

months. The statutory maximum to which defendant can be sentenced upon revocation is 24 months, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which defendant was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence at the top of the guideline range. I believe that a sentence of 24 months is necessary to hold defendant accountable, to protect the community and to achieve parity with the sentences of similarly situated offenders. The sentence of imprisonment shall run concurrently with the new federal sentence in case no. 08-cv-68-bbc-01.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on April 5, 2005, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 24 months, with the term of imprisonment to run concurrently with the federal sentence imposed in case no. 08-cr-68-bbc-01. No supervised release term is to follow in this case. Defendant is to be registered with local law enforcement agencies and the state attorney general before his release from confinement.

Defendant does not have the financial means or earning capacity to pay the cost of incarceration and supervision.

Entered this 2d day of October 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
Chief District Judge